Curtis R. Hussey, Esq.  (USB #5488)
Hussey Law Firm, LLC
82 Plantation Pointe Road #288
Fairhope, AL  36532
Telephone:  (801) 358-9231
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jacob Carradine

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Jacob Carradine,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Express Recovery Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-00069-TS<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jacob Carradine, by undersigned counsel, states as follows:

## JURISDICTION

1.　　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.　　Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jacob Carradine (hereafter "Plaintiff"), is an adult individual residing at 2165 West Platinum Drive, West Jordan, Utah 84084, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Express Recovery Services, Inc. (hereafter "Express"), is a company with an address of 2790 Decker Lake Drive, West Valley City, Utah 84119, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Express and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Express at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Express for collection, or Express was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Express Engages in Harassment and Abusive Tactics**

12. In early June 2019, Express contacted Plaintiff in an attempt to collect the alleged Debt.

13. Plaintiff asked Express for more information about the Debt and how to dispute it.

14. Express told Plaintiff he could dispute the Debt, but unless a payment was made within 20 days, Express would report the Debt to the credit bureaus.

15. In an effort to avoid a negative mark on his credit report, Plaintiff paid the Debt.

16. Several days later, Plaintiff received a letter from Express advising him of his right to dispute the Debt within 30 days of receipt of the letter.

17. Threat to report the Debt during the initial call overshadowed Plaintiff's right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25. The Defendants overshadowed Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(b).

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE UTAH CONSUMER SALES PRACTICES ACT–

### Utah Code Ann. § 13-11-1, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "person" as the term is defined by Utah Code Ann. § 13-11-3(5).

30. The Defendant, Express Recovery Services, Inc. (hereafter "Defendant"), is a "supplier" as the term is defined by Utah Code Ann. § 13-11-3(6).

31. The Defendants engaged in deceptive and unconscionable acts and practices in violation of Utah Code Ann. § 13-11-4 & 11-5, by knowingly or intentionally making false representations or implications.

32. As a result of each violation of the Utah Consumer Sales Practices Act as discussed above, Plaintiff is entitled to an award against Defendants for his actual damages or $2,000.00 statutory damages (whichever is higher), punitive damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages or $2,000.00 statutory damages (whichever is higher), punitive damages, and attorney's fees and costs pursuant to Utah Code Ann. § 13-11-19;

E. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 5, 2020            Hussey Law Firm, LLC


By: /s/ Curtis R. Hussey
Curtis R. Hussey

Attorney for Plaintiff
Jacob Carradine